IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VIRGIL HUNTER,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-543-MHT-GMB |
| | ) | |
| CITY OF TALLASSEE, ALABAMA, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is *pro se* Plaintiff Virgil Hunter's amended complaint. Doc. 12. The matter was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. Doc. 3. Since Hunter has been granted *in forma pauperis* status (Doc. 7), the court must review his amended complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2). That statute instructs the court to dismiss an action brought by an *in forma pauperis* plaintiff if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii). After reviewing Hunter's amended complaint, the relevant authority, and the record as a whole, the undersigned RECOMMENDS that, for the reasons explained below, Hunter's amended complaint be

---

[1] The Clerk of Court is directed to change Plaintiff's name on the docket sheet from Virgil J. Hunter to Virgil Hunter, as described in the amended complaint. *See* Doc. 12.

DISMISSED WITH PREJUDICE pursuant to § 1915(e)(2)(B)(ii).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 5, 2016, Hunter filed a *pro se* complaint against Defendants City of Tallassee, Alabama ("City of Tallassee"), Elmore County, C&S Wholesale Groceries ("C&S"), and C. Rick Cohen (collectively, the "Defendants") for violating certain rights guaranteed under the United States Constitution. Doc. 1. Hunter also moved for and was granted *in forma pauperis* status. Docs. 2 & 7.

After reviewing Hunter's complaint, the court entered an order on November 4, 2016, concluding that Hunter was asserting claims against the Defendants for wrongful arrest and malicious prosecution in violation of the Fourth Amendment and retaliation in violation of the First Amendment. Docs. 1 & 7. The court also explained several of the pleading deficiencies contained in Hunter's complaint. Doc. 7. The court first acknowledged that, while not specified in the complaint, 42 U.S.C. § 1983 was the statutory basis for Hunter to pursue his claims since they were all based on the violation of a federal constitutional right; however, the complaint, as pleaded, did not adequately allege § 1983 claims against any of the Defendants. Doc. 7. The court explained that, because C&S and Cohen are private parties, they can be viewed as "state actors" for § 1983 purposes only in rare circumstances, and since none of those circumstances were pleaded in the complaint, Hunter had not stated viable § 1983 claims against C&S and Cohen. Doc. 7. Further, a county or municipality, like the City of Tallassee or Elmore County, can be held liable under § 1983 only when an official policy or custom causes a constitutional violation, and since Hunter's complaint did not allege that such a custom or policy was the moving force

behind his injuries, the court found that he had also failed to state viable § 1983 claims against the City of Tallassee and Elmore County. Doc. 7.

However, notwithstanding these failings, the court could not conclude that there were no set of facts from which Hunter could state a viable § 1983 claim against one or more of the defendants if given the opportunity to submit a more carefully drafted complaint. Doc. 7. Accordingly, the court ordered Hunter to file an amended complaint that complied with the directives of its November 4, 2016 order no later than November 18, 2016. Doc. 7. The court extended Hunter's deadline to amend to December 16, 2016, and Hunter timely filed his amended complaint on December 5, 2016. Docs. 11 & 12.

Hunter's amended complaint no longer asserts claims against Cohen, but the remainder of his allegations are essentially the same as those alleged in his original complaint. *Compare* Doc. 1, *with* Doc. 12. Specifically, Hunter's amended complaint alleges the following:

> I was arrested by Tallassee Police dept in Jan of 2014 for theft of property in Piggly Wiggly in Tallassee Al. The Detective in Tallassee did not investigate but I was singled out by C&S Wholesalers employees because I was in middle of lawsuit for knee injury so because police in Tallassee didn't do jobs I was arrested in Tallassee, then released but sent to Elmore County where I was held until my family could make bond, then in July of 2014, at trial Judge Reynolds threw out case because no evidence, no Police from Tallassee or People from C&S Groceries was in court. I am seeking damages against City of Tallassee because they never investigated the crime, just went on what C&S Employees said, I had left company 1 weeks before incident so there was no way I could have did it. I am seeking damages against Elmore County because even with no evidence they still locked me up and went to trial. Damages against C&S Wholesales is because I was targeted by their employees because of knee injury suffered when load dock broke. They went after me for revenge.[2]

---

[2] In comparison, the allegations of Hunter's original complaint consist of the following:

3

Doc. 12. Hunter further alleges that the violations of his civil rights occurred on January 13, 2014. Doc. 12.

## II. STANDARD OF REVIEW

A claim may be dismissed under § 1915 for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1491 (11th Cir. 1997) (Lay, J., concurring). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555–57 (internal quotation marks omitted). Further, when a successful affirmative defense, such as the statute of limitations, appears on the face of the complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court holds him to a more lenient

---

I was arrested by City of Tallassee Police Dept and after being released rearrested by Elmore County for allegedly stealing money from Piggly Wiggly in Tallassee owned by C&S Wholesale Groceries. I was only arrested because I filed a injury lawsuit against C&S Wholesale for a knee injury, I was punished by these false charges which cost me my job, freedom, and my family 1,500 for bond. In July of 2014, Judge Reynolds dismissed charges at trial.

Doc. 1.

standard than that of an attorney, but it will not rewrite an otherwise deficient complaint in order to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). A plaintiff's factual allegations are treated as true, but conclusory assertions and a recitation of a cause of action's elements are not. *Iqbal*, 566 U.S. at 681.

### III. DISCUSSION

Hunter's amended complaint does not articulate the specific claims or causes of actions he is pursuing against each Defendant, despite his obligations, even as a *pro se* plaintiff, to abide by the Federal Rules of Civil Procedure and the court's Local Rules.[3] Nevertheless, because Hunter is proceeding *pro se* and, therefore, is afforded a certain amount of leniency, the court will liberally interpret his amended complaint to assert § 1983 claims against the City of Tallassee and Elmore County for false arrest, false imprisonment, and malicious prosecution in violation of the Fourth Amendment, and against C&S for retaliation in violation of the First Amendment. *See* Doc. 12; *Wood v. Kesler*, 323 F.3d 872, 883 (11th Cir. 2003) ("[T]here is no retaliation claim under the Fourth Amendment separate and distinct from . . . malicious prosecution and false arrest claims. Instead, the only cause of action for retaliation . . . is retaliatory prosecution in violation of the First Amendment."). Having reviewed Hunter's amended complaint, the court recommends that his claims be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii).

**A.    Statute of Limitations**

While not specified in the complaint, 42 U.S.C. § 1983 is the avenue for Hunter to

---

[3] The Federal Rules of Civil Procedure and the court's Local Rules can be accessed at no charge through the court's website at http://www.almd.uscourts.gov/about/rules-orders-and-procedures.

pursue his current claims, as they are all based on the purported violation of a federal constitutional right. Indeed, "section 1983 provides a vehicle for private citizens to preserve their federal constitutional or statutory rights from encroachment, by allowing for either monetary damages [or] prospective relief." *Genins v. St. Bar of Ga.*, 2006 WL 1096277, at *2 (S.D. Ga. Apr. 24, 2006). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008). In Alabama, that limitations period is two years. *See, e.g.*, *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989).

"[T]he statute of limitations for a First Amendment retaliation claim begins to run when the plaintiff becomes aware of the alleged retaliatory act." *Johnson v. City of Bessemer*, 180 F. Supp. 3d 1013, 1023 (N.D. Ala. 2016) (citing *Coats v. Natale*, 409 F. App'x 238, 240 (11th Cir. 2010)). Hunter's First Amendment claim is premised on his allegations that he was arrested by the City of Tallassee, transferred to the custody of Elmore County, and subsequently prosecuted for theft in retaliation for filing a personal injury lawsuit against his former employer, C&S. Doc. 12. Hunter presumably became aware of the alleged retaliatory action—his arrest and prosecution—when he was first arrested on January 13, 2014,[4] and the statute of limitations for this claim began to run as of that date. Thus, Hunter had two years from January 13, 2014—or until January 13,

---

[4] Although Hunter's complaint alleges that his constitutional rights were violated on January 12, 2014 (Doc. 1), his amended complaint alleges that he was arrested in "Jan of 2014" and that his constitutional rights were violated on "Jan 13, 2014." Doc. 12. Since January 13, 2014 is both the violation date specified in the amended complaint and the later of the two arrest dates given by Hunter, the court will interpret the facts in a light most favorable to Hunter and assume that January 13, 2014 was the date of his arrest.

6

2016—to file his § 1983 First Amendment retaliation claim against C&S. Since Hunter waited until July 5, 2016 to file that claim, the court recommends that his § 1983 First Amendment retaliation claim against C&S be dismissed with prejudice because it is time-barred.

The same can be said for Hunter's false arrest claims against the City of Tallassee and Elmore County. A cause of action for false arrest accrues when the plaintiff is detained pursuant to a legal process. *E.g.*, *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Pullen v. City of Jemison*, 2015 WL 6123203, at *2 (N.D. Ala. Oct. 19, 2015) ("In cases of false arrest, a plaintiff's cause of action accrues and the statute of limitations begins to run at the time the claimant becomes detained pursuant to legal process.") (internal quotation marks omitted); *Long v. Dietrich*, 2012 WL 4478802, at *6 (N.D. Ala. Sept. 20, 2012). Hunter alleges in the amended complaint that his civil rights were violated on January 13, 2014, and that he was arrested "in Jan 2014." Doc. 12. Based upon these specific allegations, the latest Hunter could have filed his false arrest claims against the City of Tallassee and Elmore County was in January 2016. Since Hunter did not file these claims until July 2016, the court recommends that Hunter's § 1983 false arrest claims against the City of Tallassee and Elmore County be dismissed with prejudice because they are time-barred.[5]

---

[5] The court cannot conclude from the face of the amended complaint that Hunter's remaining § 1983 false imprisonment and malicious prosecution claims against the City of Tallassee and Elmore County are untimely. Hunter's § 1983 malicious prosecution claim did not accrue until the criminal proceedings were resolved in the plaintiff's favor. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Construing the amended complaint in the light most favorable to Hunter, the criminal proceedings against him were dismissed in his favor in July 2014. Doc. 12. Applying Alabama's two-year statute of limitations (*see* Ala. Code § 6-2-38(h)), Hunter had until July 2016 to file his malicious prosecution claim. Since Hunter filed his complaint on July 5, 2016, and since both the complaint and the amended complaint are unclear as to precisely when the state-court judge dismissed the charges against Hunter and the proceedings resolved in his favor (Docs.

**B.     Failure to State a Claim**

Even if some of Hunter's claims are not due to be dismissed as untimely, they are all due to be dismissed for failure to state viable § 1983 claims against any of the defendants. For a plaintiff to succeed on a § 1983 claim, he must establish offending conduct that was committed by a person acting under color of state law, and that the conduct deprived him of a constitutional right. *See, e.g.*, *Fullman v. Graddick*, 739 F.2d 553, 561 (11th Cir. 1984). "[M]erely private conduct, no matter how discriminatory or wrongful" is excluded from § 1983's reach. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotation marks omitted). "Section 1983's state action requirement applies regardless of the nature of the substantive deprivation being alleged." *Id.*

Hunter's amended complaint asserts a First Amendment retaliation claim against C&S—a private party. Doc. 12. "Only in rare circumstances can a private party be viewed as a state actor for section 1983 purposes." *E.g., Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). In the Eleventh Circuit, there are "three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion

---

1 & 12), the court cannot conclude, at least at this stage of the proceedings, that Hunter's § 1983 malicious prosecution claims against the City of Tallassee and Elmore County are time-barred.

The same issue is present with Hunter's § 1983 false imprisonment claims against the City of Tallassee and Elmore County. "[F]alse imprisonment is detention *without legal process*." *Wallace*, 549 U.S. at 389. "[A] false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.* (internal citation omitted). It is unclear from the face of the amended complaint when Hunter's false imprisonment ended and, consequently, when the limitations period began to run. Doc. 12. Thus, the court cannot conclude, at least at this stage of the proceedings, that Hunter's § 1983 false imprisonment claims against the City of Tallassee and Elmore County are time-barred.

test, and the nexus/joint action test." *Id.* (citing *NBC v. Commc'n Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988)). The public function test covers "private actors who perform functions that are traditionally the exclusive prerogative of the state." *Id.* The state compulsion test looks to whether "the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the private actor's choice must be deemed to be that of the state." *Id.* The nexus/joint-action test is met when "the state has intertwined itself with the private actor to such an extent that the state was a joint participant in the enterprise." *Langston v. ACT*, 890 F.2d 380, 385 (11th Cir. 1989).

As the court explained in its November 4, 2016 order, the allegations in Hunter's complaint did not plausibly demonstrate that any of these three tests had been met such that C&S could be subject to liability under § 1983. Doc. 7. Hunter did not allege that C&S performed functions that are traditionally performed by state actors, that the City of Tallassee or Elmore County have such control over C&S that their actions are equivalent to actions taken by the state, or that the City of Tallassee or Elmore County are so intertwined with C&S that they are joint actors. Docs. 1 & 7. Hunter also did not allege that C&S conspired with either the City of Tallassee or Elmore County to arrest and to prosecute him in retaliation for filing a personal injury lawsuit against C&S. Docs. 1 & 7.

However, rather than dismiss Hunter's retaliation claim, the court ordered Hunter to amend his complaint to include plausible allegations that one of the three tests used in the Eleventh Circuit to demonstrate state action had been met or that C&S had sufficiently conspired with or engaged in a joint action with the City of Tallassee or Elmore County to arrest and to prosecute Hunter in retaliation for filing a personal injury lawsuit against

C&S. Doc. 7. Hunter's amended complaint does not plead factual content that allows the court to draw the reasonable inference that C&S is liable for violating Hunter's First Amendment rights. At most, Hunter alleges that C&S "went after" him for "revenge," that he was "singled out" by C&S, that the City of Tallassee police did not investigate and "didn't do jobs," and that Elmore County "locked [him] up" with no evidence. Doc. 12. These allegations, although troubling if true, do not sufficiently plead that any of the three state-action tests have been met or that C&S has conspired with the City of Tallassee or Elmore County to arrest and to prosecute Hunter for filing a civil lawsuit against C&S. The alleged connections between C&S and the City of Tallassee and Elmore County are simply too tenuous for the court to view C&S as a state actor for § 1983 purposes. Accordingly, the court recommends that Hunter's § 1983 First Amendment retaliation claim against C&S be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Similar issues plague Hunter's Fourth Amendment claims against the City of Tallassee and Elmore County. The court explained in its November 4, 2016 order that a county or municipality like the City of Tallassee and Elmore County can be held liable under § 1983 only when its official policy or custom causes a constitutional violation. Doc. 7. Since Hunter's complaint did not, but could have, plausibly alleged that an official policy or custom of the City of Tallassee or Elmore County was the moving force behind his alleged injuries, the court ordered Hunter to amend his Fourth Amendment § 1983 claims against the City of Tallassee and Elmore County to include such allegations. Doc. 7. Nonetheless, Hunter's amended complaint does not identify or allege an official policy

or custom of either the City of Tallassee or Elmore County that was the moving force behind the purported violations of his Fourth Amendment rights. Hunter's amended complaint alleges, at most, that the City of Tallassee and Elmore County's conduct was caused by C&S "[going] after [him] for revenge." Doc. 12. Because Hunter does not allege that the violations of his Fourth Amendment rights were caused by an official policy or custom from which § 1983 liability could be based, the court recommends that Hunter's § 1983 Fourth Amendment false arrest, false imprisonment, and malicious prosecution claims be dismissed with prejudice for failure to state claims upon which relief can be granted. *See Rosen v. Bozek*, 2013 WL 5636676, at *4 (S.D. Fla. Oct. 16, 2013) (holding that plaintiff's allegations that his constitutional injuries were caused by vindictive members of a club, rather than any custom or policy of the defendant municipality, were insufficient to impute liability to the municipality under § 1983).

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that Hunter's claims against Defendants the City of Tallassee, Elmore County, and C&S Wholesale Groceries be DISMISSED WITH PREJUDICE prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state claims upon which relief can be granted.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **April 26, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be

considered by the district court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 12th day of April, 2017.

/s/ Gray M. Borden<br>UNITED STATES MAGISTRATE JUDGE